

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-24-00068-CR

___

RENEE NICOLE VASQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 379th District Court
Bexar County, Texas[1]
Trial Court No. 2023CR4846, Honorable Ron Rangel, Presiding

___

July 17, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[2] Following a plea of not guilty, Appellant, Renee Nicole Vasquez was convicted by a jury of possession with intent to deliver methamphetamine

___

[1] The Texas Supreme Court transferred this appeal from the Fourth Court of Appeals. Thus, we are bound by the latter's precedent should it conflict with ours. TEX. R. APP. P. 41.3.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

in an amount of four grams or more but less than 200 hundred, a first degree felony.[3]

Punishment was assessed by the trial court at ten years' confinement.

## ANALYSIS

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Id.*; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the records support that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of the right to file a pro se response if she desired to do so, and (3) informing her of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. *Id.* at 409 n.23. Appellant did not file a response. The State notified this Court it was waiving the filing of an Appellee's brief.

---

[3] TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d).

[4] Notwithstanding that Appellant was informed of her right to file a pro se petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Alex Yarbrough
Justice

Do not publish.